Aguiar, J.
This appeal raises the issue of whether the trial judge erred in finding that there was a violation of G.L.c. 93A when a broker mistakenly believed that the house she was selling had no sewerage problems and had a Title V system and negligently convinced the buyer not to have a septic system inspection. We find no error.
The broker, Katherine A. Jones, did not innocently pass on misinformation from the seller to the buyer. On more than one occasion she told the buyer not to have a septic system inspection when she knew that that was a major concern of the buyer. The trial judge found that to be negligent and unfair and a violation of 93A without being deceptive or fraudulent. See Service Publications, Inc. v. Governman, 396 Mass. 567, 578 (1986). See also Glickman v. Brown, 21 Mass. App. Ct. 229, 486 N.E. 2d 737 (1985).
The defendant further contends that the trial judge erred in excluding records of the Town of Eastham and business records of the defendant that would tend to show her state of mind concerning her knowledge of the sewerage problems and the Title V system. We choose not to rule on that issue because, if it was error, it was harmless, since the trial judge found that the defendant did believe that the house she was selling had no sewerage problems and had a Title V system.
The defendant warranted that she was a duly licensed broker and she signed the Purchase and Sale Agreement as broker not as agent for the broker. The unfair act or practice which constituted the violation of G.L.c. 93A was the advice by Katherine A. Jones, the broker engaged in a trade or commerce namely the real estate brokerage business that the property being purchased by the plaintiffs is a new house; answer given the plaintiffs to their query as to whether they should have a septic system inspection and should a septic (sewerage) contingency be inserted into the agreement which advice was “No, don’t put that in the agreement, you are just wasting your money. This is a new house — and it has the required Title V septic system.” The trial judge cited Glickman v. Brown, 21 Mass. App. Ct. 229, 486 as his authority for the finding of a violation of Chapter 93A. In that case as in the case at hand, it is apparent that the Judge’s determination of damages is based on negligence rather than fraudulent intent.
The defendant further contends that the judgment is contrary to contract law because Paragraph 25 of the Purchase and Sale Agreement releases Katherine A. Jones of liability of her misrepresentation of facts. We find that to be against public policy and void. Bates v. Southgate, 308 Mass. 170; McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704.
And finally, the defendant contends that the award of damages is excessive. There was evidence submitted by the plaintiffs for damages in the amount of $14,657.47. The trial judge in his discretion found the damages to be $11,000.00. That was a decision of *185 the fact finder and it was clearly not excessive.
Based upon all of the foregoing we find no error. The judgment of the Trial Court is affirmed and the appeal is dismissed.